(C.D. 3274)

Frank P. Dow Co., Inc. P & G Manufacturing Co. et al. } v. United States

United States Customs Court, First Division

(Decided February 5, 1968)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Bernard J. Babb* and *Thomas Fernandes,* trial attorneys), for the defendant.

Before Watson and Beckworth, Judges

Beckworth, Judge: The merchandise involved in these cases, consolidated at the trial, consists of E.2W dial indicators imported

from England and Japan and entered at the port of Portland, Oregon, on various dates in 1963, 1964, and 1965. It also includes dial indicators sent abroad for repairs. The dial indicators were assessed with duty at 15 per centum ad valorem under item 710.80 of the Tariff Schedules of the United States as non-optical measuring or checking instruments, apparatus, and machines, not specially provided for, and parts thereof. Duty was assessed on the value of the repairs at the same rate. Various claims were made in the protests but the one relied on is for classification under item 678.50, as machines, not specially provided for, at 10 per centum ad valorem.

The pertinent provisions of the Tariff Schedules of the United States are as follows:

Schedule 7, part 2:

*     *     *     *     *     *     *

Drafting machines, compasses, dividers, ruling pens, lettering pens (including fountain-pen type) used by draftsmen, pantographs, drawing curves, rulers, scribers, straight edges, disc calculators, slide rules, and other instruments, all the foregoing which are drawing, marking-out or mathematical calculating instruments; hand styluses; micrometers, calipers, gauges, balancing machines, and non-optical measuring or checking instruments, apparatus, and machines not specially provided for; and parts of the foregoing articles:

*     *     *     *     *     *     *

710.80        Other_____ 15% ad val.

Schedule 6, part 4:

*     *     *     *     *     *     *

678.50     Machines not specially provided for, and parts thereof _____ 10% ad val.

This case has been submitted on the testimony of one witness, Dale Arthur Anderson, plant manager of P & G Manufacturing Company, manufacturers of precision automotive test equipment, and various exhibits.

Exhibit 1 consists of an article having a round disc which contains a dial face and a needle. It sets into another round metal portion from which extend two smaller circular parts, one protruding from the other. The lower one can be pushed to activate the needle on the dial. A screw (exhibit 3) is attached to the bottom. According to the witness, a brake cable with a plunger comes with the device and is screwed into the case.

After importation, the dial indicator is installed into the model 300 valve-gapper (exhibit 4), which is manufactured in the United

States. The valve-gapper, in addition to the dial indicator, contains an outer and inner barrel portion with a U-shaped foot, a mounting bracket for the dial indicator, a barrel pin, and a rocker-arm hook. Pressure on the inner barrel or on the rocker-arm hook causes the needle in the dial indicator to move. The plunger end of the brake cable is inserted into a hook in the mounting bracket.

The valve-gapper is used in garages and service stations to measure valve clearance in automobile engines. It is placed on top of a valve-spring retainer of an engine and the inner barrel is depressed so that the U-shaped foot is hooked into the rocker-arm. The rocker-arm is thus spread from the valve-spring retainer, and the dial indicator is set at zero. When the engine is turned over, the rocker-arm moves up and down and the valve clearance is shown on the indicator. The purpose of the plunger is to stop the dial indicator while the engine is running. This is done by forcing a piece of metal against the shaft, locking the dial. Then the actual clearance is read in thousandths of an inch. The clearance can be adjusted by adjusting the screw at the other end of the rocker.

The witness testified that to his knowledge the E.2W indicator has no use other than with the valve-gapper. He said that the English-and Japanese-made dial indicators were externally the same except that the English dial was painted with a crinkle paint and the Japanese with plain metal. There were internal differences, but they did not affect the performance and use of the dial indicators as measuring devices.

From this record, it is evident that the imported dial indicators are used exclusively as parts of the valve-gapper and that the valve-gapper is used on an automotive engine to separate the valve-spring and the rocker-arm so that the distance that the rocker-arm moves up and down, or the valve clearance, can be measured, and that the dial indicator shows the measurement in thousandths of an inch.

The dial indicators were classified under the provisions in item 710.80, *supra*, for non-optical measuring or checking instruments, apparatus, and machines, and parts thereof. The collector is presumed to have found all the facts necessary to support that classification, and the burden rests upon the plaintiffs to prove otherwise. *Novelty Import Co., Inc.* v. *United States*, 53 CCPA 28, C.A.D. 872.

In the instant case, the merchandise itself is a potent witness. A visual examination reveals that it is intended to be used to register or measure something. The invoices and entries herein describe the merchandise as "Dial Indicators." A dial is defined as "Any graduate circular plate or face upon which pressure, temperature, etc., is indicated by means of a pointer or needle." (The Reader's Digest Great Encyclopedic Dictionary.) Plaintiff's witness testified:

Q. And the purpose of the imported merchandise is to measure how far the rocker-arm moves up and down?—A. Correct.

Q. And that measurement is indicated on the dial?—A. Yes.

Q. And you say that is the only purpose of the Dial Indicator?—A. Of the E.2W Dial Indicator.

Plaintiffs claim, nevertheless, that the dial indicators are parts of articles which possess functions beyond those of the ones provided for in item 710.80 and that they are, therefore, excluded from classification thereunder. They claim that the articles covered by said item are devices used solely for measuring purposes in their imported condition and that the dial indicators here are parts of articles possessing additional purposes and are thus excluded from classification thereunder by the application of the rule of *ejusdem generis*.

The heading preceding items 710.60 to 710.80 includes micrometers, calipers, gauges, and balancing machines, as well as non-optical measuring or checking instruments. A micrometer is an instrument used with a microscope or telescope to measure small distances, and a gauge is any of various instruments or devices for measuring something. (The Reader's Digest Great Encyclopedic Dictionary; Webster's New International Dictionary, 1953 edition.) It appears, therefore, that the dial indicators involved herein belong to the class of merchandise enumerated.

Plaintiffs claim further that the valve-gapper, of which the dial indicator is a part, is more than an instrument for measuring or checking on the ground that it not only measures valve clearance but also moves the rocker-arm. Plaintiffs' witness testified, however, that the purpose of the valve-gapper is to measure the actual valve clearance in thousandths of an inch. It appears, therefore, that even if the valve-gapper in operation moves the rocker-arm, it does so only for the purpose of measuring the valve clearance. The statute involved here describes the items included as non-optical measuring or checking instruments, apparatus, and machines, but does not state how such devices must operate while measuring in order to come within the classification. Thus it is immaterial whether the valve-gapper moves the rocker-arm *to* measure or whether it moves the rocker-arm *and* measures, as long as its primary function is measuring. There is no indication in the testimony, or in plaintiffs' brief, that moving the rocker-arm serves any purpose other than in connection with measuring the valve clearance. For a contrary situation, see *United States* v. *American Machine & Metals, Inc.*, 29 CCPA 137, C.A.D. 183, where it was held that a hardness testing machine was not classifiable as an optical measuring instrument where measurement was not the dominant or primary function of the article.

Whether or not the valve-gapper is a machine, it is clearly more specifically provided for as a non-optical measuring or checking instrument, apparatus, or machine under item 710.80 than as a machine, not specially provided for, under item 678.50, as claimed. Since the dial indicator is a part of the valve-gapper, it is properly classifiable under item 710.80 as a part of a non-optical measuring or checking instrument, apparatus, or machine.

For the reasons stated, the protests must be overruled. Judgment will be entered for the defendant.